NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 04 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL BURTSCHER, an Individual; COLDWATER ENTERTAINMENT LIMITED, a New Zealand limited liability company,<br><br>        Plaintiffs - Appellees,<br><br>  v.<br><br>IVAN RENE MOORE, an Individual,<br><br>        Defendant - Appellant,<br><br>and<br><br>RUFFTOWN ENTERTAINMENT GROUP, INC., a Nevada Corporation, DBA Ruff Town Entertainment, Inc.,<br><br>        Defendant. | No. 13-56697<br><br>D.C. No. 2:11-cv-02309-DMG-JEM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted July 21, 2015[**]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before:     CANBY, BEA, and MURGUIA, Circuit Judges.

Ivan Rene Moore appeals pro se from the district court's default judgment in an action alleging copyright infringement and breach of contract. We have jurisdiction under 28 U.S.C. §1291. We review for an abuse of discretion the entry of default under Fed. R. Civ. P. 55(a) and the district court's decision to enter default judgment under Rule 55(b). *Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 886 (9th Cir. 2001). We affirm in part, vacate in part, and remand.

The district court did not abuse its discretion in dismissing Moore's counterclaims after Moore failed to attend his deposition, to keep the court apprised of his current address, and to attend multiple hearings. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1384-85 (9th Cir. 1996) (setting forth standard of review and describing factors to be considered before dismissing counterclaims for lack of prosecution under Fed. R. Civ. P. 41(b)).

However, the district court improperly ordered the clerk to strike Moore's answer and to enter default against Moore under Fed. R. Civ. P. 55(a) after Moore filed an answer and, for a time, participated in the litigation. *See* Fed. R. Civ. P. 55(a); *cf. Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 689 (9th Cir. 1988) (judgment by default is disfavored where defendant's actions demonstrated a "purpose to defend the suit" (citation omitted)). Although

the district court has inherent power to impose the sanction of default for failure to participate in litigation, *see TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 916 (9th Cir. 1987) (per curiam), in directing default to be entered under Rule 55(a), the court did not exercise its own authority and make findings justifying a default sanction.  Accordingly, we vacate and remand for further proceedings.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**